IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL PALMER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-820 |
| | : | |
| MICHAEL ASTRUE | : | |
| Commissioner of Social Security Administration | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                    **March 31, 2010**

Samuel Palmer asks this Court to review the Social Security Administration

Commissioner's decision denying him Supplemental Security Income (SSI) and Disability

Insurance Benefits (DIB).  United States Magistrate Judge David Strawbridge previously

reviewed this matter and recommended the decision of the Commissioner be affirmed.  This

Court finds Palmer's objections are essentially a verbatim repetition of issues presented to the

Magistrate Judge, and the Magistrate Judge completely addressed those issues.  Thus, the Court

declines to review those objections *de novo* and adopts the Report and Recommendation (Report)

of Magistrate Judge Strawbridge.

**FACTS**

Palmer filed his application for SSI and DIB on April 16, 2007, claiming he is disabled

due to severe arthritis in both shoulders, nerve damage and chest pain from a gunshot wound,

hypertension, and anxiety.  In 1994, Palmer had surgery on his left foot, after which he

complained of continuous pain in that foot.  In 2005, he began reporting right shoulder pain, and

an x-ray taken in 2006 revealed severe osteoarthiritis in that shoulder.  Palmer's treating

physician, Dr. Lorenzo Walker, certified him as "temporarily disabled" at points in 1994 and for a consecutive period from July 1999 until January 2006. In October 2006, another treating physician, Dr. Carrie Jordan, noted Palmer complained of arm and shoulder pain resulting from his gunshot wound, but an x-ray revealed no abnormalities in the bones, arteries, or soft tissue in the wound area. Dr. Jordan certified Palmer as temporarily disabled from February 2007 until September 2007. In September 2007, another treating physician, Dr. Greta Stewart, noted Palmer complained of shoulder pain and chronic back pain that worsened in cold temperatures, and with sitting. Dr. Stewart diagnosed Palmer with benign hypertension, anxiety disorder, and multiple sites of joint disorder, and referred him to an orthopedist. The orthopedist, Dr. Corey Ruth, examined Palmer in January 2008 and diagnosed him with bulging discs, cervical spondylosis, and bilateral shoulders impingement syndrome.

Palmer's work history includes employment as a driver for senior citizens and the disabled, a housing inspector, and a warehouse worker. He last reported income in 2002. Now, Palmer claims, the deterioration of his right shoulder, and corresponding loss of strength in his upper extremity, impedes his ability to perform even simple tasks like wringing out a rag or holding a glass of milk. He also claims his back pain makes it difficult to sit for extended periods of time and to get out of bed. Palmer asserts he is able to walk three blocks in five minutes, stand for fifteen minutes at a time, sit for thirty minutes at a time, and lift ten pounds occasionally. His condition allows him to go grocery shopping, wash dishes, do laundry, prepare simple meals, and attend to his personal needs.

Palmer's SSI and DIB application was denied on August 8, 2007, after which Palmer timely requested a hearing. After the hearing on May 30, 2008, the Administrative Law Judge

(ALJ) denied Palmer's claim.  The Appeals Council subsequently denied Palmer's request for review.  Palmer then brought this action.

**DISCUSSION**

Palmer raises five objections to the Report.  Generally, when a party objects to portions of a Report, a district court reviews *de novo* the issues raised by the objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added); *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998).  If, however, objections to a Report merely reiterate arguments previously raised before a magistrate judge, *de novo* review is not required.  *See Moran v. Astrue*, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (explaining an objecting party must do more than "simply rehash[] arguments already raised to the magistrate judge" to warrant *de novo* review); *Nghiem v. Kerestes*, No. 08-4224, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining to engage in a duplicative review of objections which rehash arguments previously addressed and dismissed by the magistrate judge).  It is inappropriate for a district court to address objections previously raised before a magistrate judge; to do so would "defeat any benefit of judicial efficiency gained by the report and recommendation process."  *Moran*, 2009 WL 3541001, at *4; *see also Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984) (noting *de novo* review of objections is not appropriate when such review would undermine efficiency of magistrate system).  Nevertheless, out of an abundance of caution, this Court will briefly address each of the petitioner's objections.

First, Palmer argues the ALJ failed "to combine all severe and non-severe impairments" as required by step three of the sequential evaluation process set forth in 20 C.F.R. §§ 404.1520,

416.920.[1]  Pl.'s Written Objections to Report and Recommendation at 3 (Pl.'s Objections).  This

argument raises issues identical to an argument Palmer made to the Magistrate Judge.  *See* Pl.'s

Br. and Statement of Issues in Support of His Req. for Review, at 10 (Req. for Review) (arguing

"the ALJ failed to combine Plaintiff's multiple impairments for Step 3 listing purposes").  This

argument was squarely addressed by the Magistrate Judge's Report.  *See* Report at 7-11

(considering whether the ALJ properly considered the combination of Palmer's impairments at

step three and finding ALJ's analysis was sufficient and supported by substantial evidence).

Palmer urges this Court, as he did the Magistrate Judge, to find the ALJ's step three

analysis violated the tenets of *Cooper v. Commissioner of Social Security*, 268 Fed. Appx. 152

(3d Cir. 2008).  Palmer repeats his argument that the ALJ failed to explain how he combined

Palmer's severe and non-severe impairments at step three, as Palmer believes *Cooper* requires.

As the Magistrate Judge noted, however, an ALJ is not required to detail precisely which

combinations of impairments he considered, and why those combinations failed to equate to a

listed impairment.  Instead, an ALJ's analysis is sufficient provided it permits meaningful

judicial review.  Report at 8-9 (citing *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)).

---

[1]  ALJ's use a five-step process to determine whether a claimant is disabled.  The ALJ asks
whether the claimant:

> (1) is engaged in substantial gainful activity;
> (2) suffers from an impairment or combination of impairments that is 'severe';
> (3) suffers from an impairment or combination of impairments that meets or
> equals a listed impairment;
> (4) is able to perform his or her past relevant work; and
> (5) is able to perform work existing in significant numbers in the national
> economy.

*McCrea v. Comm'r of Soc. Sec.*, 370  F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. §
404.1520(a)-(f); 20 C.F.R. § 416.920(a)-(f)).

Here, the ALJ's report considered Palmer's shoulder impairments, back impairment, foot impairment, and anxiety and explained why the impairments did not meet or equal a listed impairment. *See* Record at 71-72. The manner of this explanation sufficiently enabled review by the Magistrate Judge and by this Court

*Cooper* reiterated a claimant "retains the burden of persuasion at step three" of the disability analysis. *Cooper*, 268 Fed. Appx. at 156; *see also Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992) (citation omitted) (explaining at step three claimant must demonstrate his combination of impairments is equivalent to a listed impairment). Unlike the claimant in *Cooper*, who made a specific request for an impairment to be considered in conjunction with other specified impairments, Palmer did not direct the ALJ's attention to a particular combination of his impairments which he believed equaled a listed impairment. *See id.* (noting Cooper made a "specific request for consideration of his obesity in conjunction with his [other impairments]."); Report at 9 ("Plaintiff does not suggest what combination of impairments might satisfy a listing or be medically equivalent to a listing."). Therefore, this Court agrees with the Magistrate Judge's determination that the ALJ's analysis was sufficient under *Cooper*.

Second, Palmer argues the ALJ failed to marshal enough evidence to support the conclusion that Palmer had no standing or walking limitations with regard to his Residual Functional Capacity (RFC). Pl.'s Objections at 4. Palmer contends his lower back and left foot impairments impede his ability to stand and walk. Specifically, Palmer objects to the ALJ's reliance on the opinion of Dr. Mary Ryczak. *Id.* This objection mirrors an argument Palmer already made to the Magistrate Judge. *See* Pl.'s Req. for Review at 16-18 (arguing the "ALJ's [decision with regard to Palmer's standing/walking limitations] is not supported by substantial

evidence" and the ALJ "selectively" used only portions of the record). Again, this argument is addressed in the Magistrate Judge's Report. *See* Report at 17-18 (addressing argument that ALJ's determination was not supported by substantial evidence and explaining appropriateness of ALJ's reliance on Dr. Ryczak's testimony).

Before this Court, Palmer maintains his position that it was inappropriate for the ALJ to adopt the testimony of Dr. Ryczak, a "non-examining doctor," because her report was based on an incomplete record and was internally inconsistent. It is the ALJ's responsibility to evaluate the record and weigh the relative worth of the evidence. *Rohmer v. Comm'r. of Soc. Sec.*, 131 Fed. Appx. 896, 899 (3d Cir. 2005). The ALJ must consider all relevant evidence and provide justification for discounting evidence he rejects. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). As explained by the Magistrate Judge, the ALJ is not required, however, to discuss evidence accepted by, or consistent with, the ALJ's decision. *See* Report at 20 (citations omitted); *Crawford v. Astrue*, No. 08-1160, 2009 WL 1033611, at *8-9 (E.D. Pa. Apr. 15, 2009) ("Where the evidence at issue has not been rejected by the ALJ, or it is either not probative or not conflicting, the ALJ need not further discuss it.") (citation omitted).

Here, the ALJ noted, in addition to the non-treating assessment from Dr. Ryczak, "the only treating source who has offered [a RFC assessment] is Dr. Corey Ruth, who advised Palmer to 'avoid heavy lifting, car rides, etc.'" Record at 74. The ALJ's determination that Palmer could only "lift/carry 10 pounds and occasionally a maximum of 20 pounds," Record at 74, and that he would be unable to return to his prior work as a driver, Record at 54-55, was entirely consistent with Dr. Ruth's report. Additionally, to the extent Dr. Ryczak's report contradicted Dr. Ruth's opinion that Palmer should avoid heavy lifting, the ALJ rejected Dr. Ryczak's

conclusions.  Without any suggestion from Palmer to the contrary, this Court is unable to find the ALJ neglected to consider relevant evidence, rejected relevant evidence without sufficient explanation, or failed to substantiate his determinations with evidence in the record.

Third, Palmer argues the ALJ inappropriately rejected the opinions of treating medical sources contained in "numerous welfare forms" with regard to his disability.  Pl.'s Objections at 6.  Palmer previously argued to the Magistrate Judge the ALJ "impermissibly submitted" his own opinions for those "of the treating physicians."  Pl.'s Req. for Review at 12.  The Magistrate Judge's Report addresses this argument as well.  *See* Report at 29-32 (discussing whether ALJ improperly disregarded opinions of treating physicians and finding ALJ properly relied on opinions of Drs. Ryczak and Ruth rather than information contained in welfare forms).

As previously discussed, it is for the ALJ to review the record as a whole and weigh the various pieces of evidence it contains.  *Rohmer*, 131 Fed. Appx. at 899.  As noted by the Magistrate Judge, under the governing Social Security Regulations, some evidence, such as the "check box forms" Palmer references, is entitled to less weight.  Report at 31 (citing *Zonak v. Comm'r. of Soc. Sec.,* 290 Fed. Appx. 493, 497 (3d Cir. 2008) (explaining "check box forms" are "weak evidence at best")).  Additionally, it is permissible for an ALJ to reject opinions from medical sources on the basis of "contradictory medical evidence," but not on the basis of the ALJ's own credibility judgments or speculation.  *Plummer,* 186 F.3d at 429.

As discussed by the Magistrate Judge, the ALJ acknowledged and reviewed the welfare forms Palmer references.  Report at 30-31; Record at 73-74.  The ALJ's determination differed from those contained in the welfare forms only with respect to the ultimate conclusion regarding Palmer's disability.  *See* Record at 73.  Additionally, the ALJ's determination that Palmer was

not disabled was not based on his own judgment or speculation, but rather on the opinions of Drs. Ruth and Ryczak. *Id.* at 74-75. Finally, the ALJ explained his reliance on the reports of Dr. Ryczak and Dr. Ruth instead of the welfare forms, noting the forms were "not couched in terms of a medical source statement or specific residual functional capacity assessment," while Drs. Ryczak and Ruth both provided RFC assessments. *Id.* at 74. As such, this Court finds the ALJ did not inappropriately disregard the opinions of treating source physicians.

Fourth, Palmer argues the ALJ failed to reference "two of the treating source welfare assessments endorsing [his] 'disabled' status" in his decision. Pl.'s Objections at 6. This argument again essentially duplicates an argument Palmer previously made to the Magistrate Judge, and it is adequately addressed in the Report. *See* Report at 32-34 (finding remand is unnecessary because information in two unaddressed forms was cumulative and the information would not have impacted ALJ's decision); Pl.'s Req. for Review at 12.

The Magistrate Judge explained that one of the assessments was considered by the ALJ at the administrative hearing, although it was not mentioned in the ALJ's final report. Report at 33; Record at 27. Furthermore, both of the reports were "check box forms," without supporting explanations from physicians, that duplicated other forms reviewed by the ALJ and referenced in his decision. *Id.* at 33-34; Record at 73. Therefore, this Court, like the Magistrate Judge, does not believe "that specific consideration of these two forms, which are largely cumulative of others in the record, would have impacted the ALJ's RFC [decision]." Report at 34.

Finally, Palmer argues the ALJ inappropriately failed to apply the "borderline age" requirement during step five of the disability inquiry. Pl.'s Objections at 8. Palmer made this argument before the Magistrate Judge as well. *See* Pl.'s Req. for Review at 5 (arguing ALJ

"applied the age criteria in a mechanical manner"). The Magistrate Judge has fully addressed this argument in his Report. *See* Report at 34-39 (addressing whether ALJ improperly applied age categories at step five, and finding he did not).

Palmer argues the ALJ relied too heavily on the testimony of the Vocational Expert (VE) in making his age determination in step five. It is Palmer's position that, since he was only four months removed from his fifty-fifth birthday, he should have been placed in the "advanced age" category and had his disability claim evaluated under those guidelines.[2] The ALJ is obligated to apply the age categories loosely in a borderline situation, and to make a determination based on all the factors in a given case. 20 C.F.R. §§ 404.1563, 416.963. This requirement reflects that the step five analysis asks primarily "whether the individual's age would allow him or her to adapt to a new job" and maintains some flexibility with regard to age. *Lucas v. Barhart*, 184 Fed. Appx. 204, 206 (3d Cir. 2006) (citing 20 C.F.R. § 404.1563).

The Magistrate Judge found the ALJ's treatment of the borderline age requirement in step five was appropriate for two reasons. First, the ALJ's decision that Palmer's age was not "borderline" was consistent with precedent, as Palmer was 114 days short of "advanced age," an interval longer than the borderline periods of 48 and 106 days recognized by previous decisions. *See* Report at 36 (citing *Kane v. Heckler*, 776 F.2d 1130, 1132-33 (3d. Cir. 1985); *Lucas v. Barhart*, 184 Fed. Appx. 204, 207 (3d Cir. 2006)). Second, the ALJ's dialogue with the VE at the administrative hearing produced testimony concerning the critical issue of Palmer's ability to adapt to a new job. The VE opined that Palmer would likely be able to adapt to new employment

---

[2] At Step Five, the ALJ places the claimant into one of three categories set forth in 20 C.F.R. §§ 404.1563, 416.963. The categories are "younger person (under age 50)," person "closely approaching advanced age (age 50-55)," and person of "advanced age (age 55 and older)." *Id.*

within "a couple of weeks[,] up to 30 days." Report at 38 (citing Record at 56). The Magistrate Judge notes this assessment was consistent with Palmer being placed in the "approaching advanced age" category, rather than the "advanced age" category. Report at 38 (citing C.F.R. §§ 404.1563, 416.963). This Court thus agrees with the Magistrate Judge's determination that the ALJ appropriately addressed any borderline age concerns in Palmer's case.

Every objection Palmer raises to this Court duplicates an argument previously brought before the Magistrate Judge. Addressing those objections *de novo* would compromise the judicial efficiency gained from the report and recommendation process. In the interests of caution, however, this Court briefly reviewed all of Palmer's objections and found them to be without merit. Accordingly, since this Court finds no clear error or manifest injustice in the Report, the Court overrules all of Palmer's duplicative objections and adopts the Report of Magistrate Judge Strawbridge.

An appropriate order follows.

BY THE COURT:


\s\ Juan R. Sánchez
Juan R. Sánchez, J.